FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANA S., | NO:  1:19-CV-3177-FVS |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary judgment.  ECF Nos. 11 and 12.  This matter was submitted for consideration without oral argument.  The Plaintiff is represented by Attorney D. James Tree. The Defendant is represented by Special Assistant United States Attorney Lars J. Nelson.  The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed.  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 11, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 12.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

Plaintiff Dana S.[1] filed for supplemental security income and disability insurance benefits on May 23, 2016, alleging an onset date of November 1, 2014. Tr. 291-301.  Benefits were denied initially, Tr. 185-91, and upon reconsideration, Tr. 194-206.  A hearing before an administrative law judge ("ALJ") was conducted on June 21, 2018.  Tr. 37-64.  Plaintiff was represented by counsel and testified at both hearings.  *Id*.  The ALJ denied benefits, Tr. 13-33, and the Appeals Council denied review.  Tr. 1.  The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 34 years old at the time of the hearing.  *See* Tr. 319.  He has received his GED.  Tr. 324.  Plaintiff testified that he lives with a roommate.  Tr. 43.  Plaintiff has work history as a construction carpenter.  Tr. 58-59.  Plaintiff testified that he cannot work because when his back spasms he has to lay down for

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

15-30 minutes "at least" 2 or 3 times a day in an eight-hour day, and he would be completely unable to go to work on a "bad day."  Tr. 53-55.

Plaintiff reported his left shoulder started "bothering him" after a skateboarding accident in 2013.  Tr. 44.  He had fusion surgery on his back in 2016, which helped "tremendously" but he still has pain all the time.  Tr. 44-45.  Plaintiff testified that the longest he can walk is 15 minutes, and he uses a cane occasionally; the longest he can sit is 30 minutes before he has to change positions; he has to constantly shift his weight while standing and "after a while" he needs to lay down; and he can remain laying down for thirty minutes before he has to change positions.  Tr. 45-46.  He reported that he has to rest for 2 to 3 minutes every 15-30 minutes when using both hands, and he cannot do any overhead work with his left arm.  Tr. 56-57.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id*. (quotation and

citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy."
42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four.  *Tackett v.*

*Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five,

the burden shifts to the Commissioner to establish that (1) the claimant is capable

of performing other work; and (2) such work "exists in significant numbers in the

national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*,

700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial

gainful activity since November 1, 2014, the alleged disability onset date.  Tr. 19.

At step two, the ALJ found that Plaintiff has the following severe impairments:

asthma/chronic obstructive pulmonary disease (COPD); degenerative disc disease;

spondylolisthesis; a history of hernias; a history of left shoulder dislocation with a

Hill-Sachs deformity and a healed bony Bankart lesion; hepatitis C; a depressive

disorder; anxiety; and a history of alcohol, marijuana and opiate abuse.  Tr. 19.  At

step three, the ALJ found that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of a listed

impairment.  Tr. 20.  The ALJ then found that Plaintiff has the RFC

> to perform less than the full range of light work as defined in 20 CFR
> 404.1567(b) and 416.967(b).  He can lift and/or carry 20 pounds
> occasionally and 10 pounds frequently.  He can sit up to six hours in an
> eight-hour workday.  He can stand and/or walk six hours total in an
> eight-hour workday.  He can push or pull as much as lift and carry.  He
> can occasionally engage in overhead reaching with the non-dominant
> left upper extremity.  He can frequently kneel, crouch and climb ramps
> and stairs.  He can occasionally stoop, crawl, and climb ladders and
> scaffolds.  He is limited to no concentrated exposure to hazards, such
> as unprotected heights, working with heavy machinery, or operating a
> motor vehicle.  He is limited to no concentrated exposure to airborne
> irritants, such as dust, fumes, and gases.  He is limited to simple,
> routine, and repetitive tasks and simple work-related decisions.  He is
> limited to occasional interaction with supervisors and coworkers.  He
> should have only superficial contact with the general public with no
> direct contact.

Tr. 22.  At step four, the ALJ found that Plaintiff is unable to perform any past

relevant work.  Tr. 27.  At step five, the ALJ found that considering Plaintiff's age,

education, work experience, and RFC, there are jobs that exist in significant

numbers in the national economy that Plaintiff can perform, including: hand

packager-inspector, laundry sorter, and production assembler.  Tr. 28.  On that

basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in

the Social Security Act, from November 1, 2014, through the date of the decision.

Tr. 29.

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 11.  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered the medical opinion evidence;

2. Whether the ALJ properly considered Plaintiff's symptom claims; and

3. Whether the ALJ erred at step five.

**DISCUSSION**

**A. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.*  If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).  Conversely, "[i]f a treating or examining doctor's

opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." *See* SSR 06-03p (Aug. 9, 2006), *available at* 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a). "Other sources" include nurse practitioners, physician assistants, therapists, teachers, social workers, and other non-medical sources. 20 C.F.R. § 416.913(d). The ALJ need only provide "germane reasons" for disregarding an "other source" opinion. *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). However, the ALJ is required to "consider observations by nonmedical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

Plaintiff argues the ALJ erroneously considered the opinions of treating physician Charles P. Miller, M.D., treating provider Jennifer L. Olson, PA-C, treating provider A. Massenburg, PA-C, and reviewing physicians Guillermo Rubio, M.D. and Howard Platter, M.D. ECF No. 11 at 4-13.

1      *1.  Jennifer L. Olson, PA-C*

2          In January 2016, treating physician assistant, Jennifer Olson, opined that

3   Plaintiff was "severely limited," which is defined as "unable to meet the demands

4   of sedentary work." Tr. 977.  In addition, in April 2016, Ms. Olson wrote a letter

5   opining that Plaintiff was unable to work at that time because he had spondylolysis

6   and spondylolisthesis of L5-S1, "for which he [had] upcoming surgery." Tr. 983.

7   The ALJ gave little weight to both of Ms. Olson's opinions for the sole reason that

8   Plaintiff "subsequently underwent lumbar spine surgery less than 12 months later

9   in July 2016." Tr. 26.

10          Plaintiff argues "[t]he mere fact that [Plaintiff] had surgery in July 2016 is []

11   not a germane reason to give this treating source's assessment of limitations less

12   than full weight during the period she made her report." ECF No. 11 at 10.  The

13   Court agrees. Defendant generally argues that "subsequent improvement is a valid

14   basis to discount an opinion." ECF No. 12 at 15 (citing *Valentine v. Comm'r Soc.*

15   *Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009).  However, as noted by Plaintiff,

16   this argument "misstates the [ALJ's] decision: the ALJ only stated [that Plaintiff]

17   had surgery." ECF No. 13 at 3.  The Court is not permitted to consider reasoning

18   that was not offered by the ALJ in the decision. *Bray*, 554 F.3d at 1226 (the Court

19   "review[s] the ALJ's decision based on the reasoning and factual findings offered

20   by the ALJ—not *post hoc* rationalizations that attempt to intuit what the

21   adjudicator may have been thinking.").  Moreover, when explaining his reasons for

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

rejecting medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*.

Here, in support of this finding, the ALJ relies solely on a single reference to Plaintiff's lumbar spine surgery in July 2016. Tr. 26. This finding is arguably relevant to Ms. Olson's April 2016 letter indicating that Plaintiff was unable to work due to his lumbar spine condition, and was scheduled for surgery. Tr. 983. However, as noted by Plaintiff, the record includes evidence that he continued to experience nerve pain after his surgery that limited his ability to stand, sit, and walk. ECF No. 11 at 9-10 (citing Tr. 45-47, 53, 888, 894, 1147-48).

Moreover, the ALJ fails to summarize and interpret Ms. Olson's treatment notes, which were attached to her January 2016 finding that Plaintiff was severely limited for a 12-month period. Tr. 977. In January 2016, Ms. Olson specifically noted that Plaintiff's lumbar condition was significantly interfering with his ability to perform work-related activities, he had a "marked interference with ability to perform work related tasks" due to his persistent asthma, and he had a "marked interference with ability to do physical work" due to recurrent anterior dislocation of his left shoulder." Tr. 981. Finally, while not acknowledged by the ALJ, on

physical examination Ms. Olson found Plaintiff was chronically ill-appearing, had

moderate wheezing, had limited range of motion and inability to abduct or do

backward extension with his left shoulder, and pain and tenderness in his lumbar

spine.  Tr. 980-81.

Based on the foregoing, the Court finds the ALJ failed to properly

summarize and interpret the entirety of Ms. Olson's clinical findings; nor did he

"set forth his own interpretations and explain why they, rather than the doctors',

are correct."  Tr. 26; *see Reddick*, 157 F.3d at 725.  Thus, the ALJ's conclusory

rejection of Ms. Olson's opinions because Plaintiff subsequently underwent lumbar

spine surgery in July 2016, without the requisite interpretations of the "facts and

conflicting clinical evidence," is not supported by substantial evidence.  This was

not a germane reason for the ALJ to reject Ms. Olson's opinions, and they must be

reconsidered on remand.

### 2.  *Charles P. Miller, M.D.*

In April 2018, Plaintiff's treating physician, Dr. Charles Miller, submitted

two separate opinions.  In one evaluation, Dr. Miller opined that Plaintiff was

"severely limited," which is defined as "unable to meet the demands of sedentary

work."  Tr. 995.  Dr. Miller also noted that Plaintiff had marked to severe

limitations in his ability to do basic work activities due to left shoulder Bankart

lesion, lumbar spondylolisthesis, and chronic hepatitis C.  Tr. 994.  The ALJ gave

this opinion little weight because Dr. Miller estimated that Plaintiff's current

1  limitations on work activities would persist for only six months with medical

2  treatment.  Tr. 26, 995.  To be found disabled, a claimant must be unable to engage

3  in any substantial gainful activity due to an impairment which "can be expected to

4  result in death or which has lasted or can be expected to last for a continuous

5  period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *see also Chaudhry*

6  *v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).  Here, because Dr. Miller opined

7  limitations lasting for six months, the duration requirement for a finding of

8  disability is not met.  This was a specific and legitimate reason for the ALJ to

9  discount this opinion.

10  In his second evaluation, also in April 2018, Dr. Miller opined that Plaintiff

11  would have to lie down for 20 to 30 minutes, one to five times per day; he had side

12  effects due to medications that limit his activities; work on a regular and

13  continuous basis would cause Plaintiff's condition to deteriorate; and if Plaintiff

14  were to attempt to work a 40-hour per week schedule it is more probable than not

15  that he would miss four or more days per month on average due to medical

16  impairments.  Tr. 1191-92.  The ALJ gave this opinion little weight "because he

17  did not provide any supporting rationale for his opinions."  Tr. 26.

18  Relevant factors to evaluating any medical opinion include the amount of

19  relevant evidence that supports the opinion, the quality of the explanation provided

20  in the opinion, and the consistency of the medical opinion with the record as a

21  whole.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*,

1   495 F.3d 625, 631 (9th Cir. 2007).  Moreover, as noted by Defendant, "an ALJ

2   need not accept a treating physician's opinion that is conclusory and brief and

3   unsupported by clinical findings."  ECF No. 12 at 13 (citing *Tonapetyan v. Halter*,

4   242 F.3d 1144, 1149 (9th Cir. 2001)).  Thus, Defendant argues that substantial

5   evidence supports the ALJ's finding because Dr. Miller "merely stated 'see

6   attached' for all of the supporting data questions" in the completed "medical

7   report."  ECF No. 12 at 13 (citing Tr. 1191-92).

8          However, as above, when explaining his reasons for rejecting medical

9   opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ

10  must "set forth his own interpretations and explain why they, rather than the

11  doctors', are correct."  *Reddick*, 157 F.3d at 725 ("This can be done by setting out

12  a detailed and thorough summary of the facts and conflicting clinical evidence,

13  stating his interpretation thereof, and making findings.").  Here the ALJ summarily

14  rejected Dr. Miller's opinion because he "did not provide any supporting rationale

15  for his opinions" without considering the clinical evidence that by Dr. Miller

16  referenced in this opinion.  Tr. 26.  As noted by Plaintiff, this evidence includes

17  examination findings that Plaintiff became dyspneic with exertion, was somewhat

18  anxious, had bilateral severe wheezing and ronchi, positive Tinel's sign and

19  Phalen's maneuver at right and left wrists, diminished monofilament sensation in

20  both hands, decreased range of motion of left shoulder, loss of lumbar lordosis, and

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

tenderness to deep palpation in the lumbosacral junction.  ECF No. 11 at 6-7; Tr. 1177-78, 1196-97, 1202-03.

The ALJ failed to summarize and interpret the entirety of Dr. Miller's evaluation including his attached treatment notes; thus, the ALJ's bare conclusion that Dr. Barnard failed to give adequate explanation for his opinion is not supported by substantial evidence.  *See Reddick*, 157 F.3d at 725.  This was not a specific and legitimate reason for the ALJ to reject Dr. Miller's second treating opinion, and it must be reconsidered on remand.

### 3.  A. Massenburg, PA-C

In April 2016, PA-C Massenburg opined that due to spondylolysis and spondylolisthesis, Plaintiff had marked limitations in his ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, and crouch.  Tr. 467-70.  PA-C Massenburg also opined that Plaintiff was limited to sedentary work; was unable to sit, stand, or walk for extended periods of time; and had chemical sensitivities due to asthma.  Tr. 469-70.  The ALJ gave this opinion "some weight . . . in light of [Plaintiff's] planned lumbar surgery and his history of asthma."  Tr. 26.  However, the ALJ generally noted that (1) "it is unclear whether this individual examined [Plaintiff]"; (2) no objective findings were reported other than "Lumbar MRI"; and (3) Plaintiff "acknowledged improvement in his condition with lumbar surgery in

July 2016."  Tr. 26.  Plaintiff argues that the ALJ failed to properly assess PA-C Massenburg's opinion.[2]  The Court agrees.

First, it is unclear which, if any, of the limitations assessed by PA-C Massenburg's opinion were given "some weight" and presumably incorporated into the assessed RFC.  Tr. 26.  For example, as noted by Plaintiff, marked limitations on the ability to reach and handle, as opined by PA-C Massenburg, "may eliminate large numbers of occupations, with the loss of fine manual dexterity especially narrowing the numbers of sedentary and light jobs."  ECF No. 11 at 10.  Thus, the ALJ erred by failing to either provide the requisite reasons to reject the specific limitations assessed by PA-C Massenburg, or incorporate them into the assessed RFC.  *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (failure to address medical opinion was reversible error); *Robbins v. Soc. Sec.*

---

[2] Defendant appears to concede that the ALJ erred by "failing to link PA-C Massenburg's opinion with the corresponding treatment note."  ECF No. 12 at 15. The Court's review of the record revealed multiple treatment notes signed by PA-C Massenburg, and "the same day [PA-C Massenburg's opinion] was completed, PA-C Massenburg stated he was completing such a function report, and he then conducted a physical exam."  ECF No. 11 at 11 (citing Tr. 464-66); Tr. 452-54, 461-63.  This evidence should be reconsidered on remand.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    *Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard

2    properly supported limitations").

3     Second, an ALJ may discount an opinion that is conclusory, brief, and

4    unsupported by the record as a whole, or by objective medical findings. *Batson*,

5    359 F.3d at 1195. However, as noted by Plaintiff, the lumbar MRI referenced by

6    PA-C Massenburg included objective findings of spondylolysis and

7    spondylolisthesis at L5-S1, moderate to severe bilateral L5-S1 foramina stenosis,

8    and moderate disc protrusion at L5-S1. Tr. 467. This objective testing directly

9    correlates with diagnoses PA-C Massenburg listed as affecting Plaintiff's work

10    activity; thus, it is unclear to the Court why the ALJ relied on an alleged absence of

11    objective findings "other than" this highly relevant MRI as a reason to discount

12    PA-C Massenburg's opinion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th

13    Cir. 2015) (a court "cannot substitute [the court's] conclusions for the ALJ's, or

14    speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis

15    need not be extensive, the ALJ must provide some reasoning in order for [the

16    court] to meaningfully determine whether the ALJ's conclusions were supported by

17    substantial evidence.")). Finally, as discussed in detail above, while Plaintiff did

18    acknowledge improvement in his back condition after surgery, the record includes

19    evidence that he continued to experience nerve pain after his surgery that limited

20    his ability to stand, sit, and walk. *See* Tr. 44-47, 53, 888, 894, 1147-48.

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

Based on the foregoing, these were not specific and germane reasons, supported by substantial evidence, for the ALJ to reject PA-C Massenburg's treating opinion. This opinion must be reconsidered on remand along with the entirety of the medical opinion evidence.[3]

## B. Additional Assignment of Error

Plaintiff additionally challenges the ALJ's consideration of Plaintiff's symptom claims, and the step five finding. ECF No. 11 at 13-20. As to the rejection of his symptom claims, Plaintiff alleges the ALJ erred in finding (1) "the medical record does not support the degree of debilitation alleged by [Plaintiff] in this case"; (2) Plaintiff's "allegations regarding disabling back and left shoulder impairments are inconsistent with his delay in following through with treatment for those conditions despite access to health care"; (3) Plaintiff "has a history of substance use"; (4) "the record documents no mental health counseling other than for chemical dependency"; and (5) Plaintiff has reported activities that are

---

[3] Plaintiff also challenges the ALJ's consideration of "non-examining" reviewing opinions by Guillermo Rubio, M.D. and Howard Platter, M.D. ECF No. 11 at 12-13. However, in light of the need to remand the case for reconsideration of the opinions discussed above, the ALJ should also reevaluate these opinions on remand.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

inconsistent with his allegations of debilitating physical and mental health symptoms.[4]  Tr. 23-25.

Thus, because the analysis of Plaintiff's symptom claims is largely dependent on the ALJ's evaluation of the medical evidence, including treatment notes directly referenced in the three treating opinions that were improperly rejected by the ALJ, the Court declines to address this challenge in detail here. *See*, *e.g.,* Tr. 979 (plans to reschedule missed MRI and appointment with neurosurgeon), 983 (confirmation that Plaintiff was under the care of a neurosurgeon), 984 (results of rescheduled lumbar MRI in March 2016), 996-97 (decreased range of motion), 1002 (decreased range of motion of left shoulder, positive Tinel's and Phalen's at both wrists, and diminished sensation in both hands), 1008 (loss of lumbar lordosis, tenderness to lumbar palpation, and anxious

---

[4] Plaintiff argues the ALJ erred by giving "less weight to [Plaintiff's] testimony because he continued to smoke cigarettes."  ECF No. 11 at 15-16.  The ALJ noted that Plaintiff "continued to smoke cigarettes daily," but found "[n]evertheless, his history of asthma and COPD warrants a restriction to work with no concentrated exposure to pulmonary irritants."  Tr. 24.  Based on this language, it is unclear to the Court that the ALJ discounted Plaintiff's symptom claims specifically because he continued to smoke.  However, this evidence should be reconsidered upon remand along with the rest of the medical evidence.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

mood and affect).  On remand, the ALJ is instructed to reconsider Plaintiff's symptom claims and conduct a new sequential analysis, including a reassessment of the step five finding.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings.

On remand, the ALJ should reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from a medical expert. In addition, the ALJ should reconsider Plaintiff's symptom claims, the remaining steps in the sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

/ / /

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

**ACCORDINGLY, IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2.  Defendant's Motion for Summary Judgment, **ECF No. 12,** is **DENIED**.

3.  Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** July 24, 2020.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23